United States District Court
Southern District of Texas
**ENTERED**
September 17, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| KENNETH AARON CLEWIS, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00317 |
| | § | |
| M/V INVADER, USCG NO. 967695, *in rem*, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER**

Pending before me is Plaintiff Kenneth Clewis's motion to appoint his company, PCF Land & Water LLC, as substitute custodian of the *M/V Invader*, USCG No. 967695. *See* Dkt. 2. The motion is denied.

"There is scant case law addressing the propriety of a party in the litigation also serving as the substitute custodian." *Mile 533 Marine Ways, Inc. v. M/V CLARISSA, her engines, tackle, etc. in rem*, No. CIV.A. C-10-090, 2010 WL 1371642, at *1 (S.D. Tex. Apr. 2, 2010). Courts that have addressed the issue, however, have permitted plaintiffs to serve as custodians where the vessel's owner consented in writing or where the plaintiff seeking appointment as substitute custodian was a boatyard. *See Barnes v. Sea Hawai'i Rafting, LLC*, 371 F. Supp. 3d 797, 801 (D. Haw. 2019) (collecting cases), *aff'd in part, appeal dismissed in part sub nom. Barnes v. Sea Hawaii Rafting, LLC*, No. 18-17154, 2021 WL 4306896 (9th Cir. Sep. 22, 2021). But the vessel's owner has not consented to Clewis serving as substitute custodian. And neither Clewis nor his company, PCF Land & Water, is a boatyard.

Other factors also caution against appointing Clewis's company as substitute custodian. In the words of the late Judge Alan C. Kay, Sr., dealing with a similar request:

> Although Plaintiff [Clewis] has extensive experience working with the [Invader], having previously served as captain of the vessel, [Dkt. 1 at 1], he has not provided the Court with enough information regarding where he intends to house and maintain the vessel if he is appointed as

> substitute custodian. Indeed, Plaintiff [Clewis]'s Declaration in support of his Motion provides no indication regarding where he plans to store the vessel. . . . In order to grant Plaintiff [Clewis]'s Motion, the Court requires more specificity regarding where the vessel will be kept while under arrest.

*Barnes*, 371 F. Supp. 3d at 801. Clewis identifies, broadly, the ports of Gulfport, Mississippi, or Panama City, Florida, as "safe berth facilities." Dkt. 2 at 2. But a port is not a facility; a port is a large, general area that contains multiple terminals, docks, marina, shipyards, warehouses, customs facilities, etc. Moreover, the two ports that Clewis has identified are well outside of this court's jurisdiction.

I am also troubled by what would be an apparent windfall to Clewis if I were to grant his motion. "The 'expenses and fees allowed and costs taxed, by the court,' insofar as arising out of the foreclosure proceedings and administering the custody of the vessel, are paid in priority to the preferred mortgage lien." *Gen. Elec. Credit & Leasing Corp. v. Drill Ship Mission Expl.*, 668 F.2d 811, 815 (5th Cir. 1982) (quoting 46 U.S.C. § 953(b)). "The expenses of maintaining and preserving the vessel after it has been seized under legal process—while it is in custodia legis—are included within this priority." *Gen. Elec. Credit & Leasing Corp.*, 668 F.2d at 815. The marshal has informed me that it costs between $800 to $1000 a day to guard a vessel if no substitute custodian is appointed. Clewis, however, would charge "an optimized flat daily rate of **$3,500.00**." Dkt. 2 at 1. At $3,500 per day, Clewis's *custodia legis* expenses would exceed the amount he is allegedly owed in unpaid wages *and* late-payment penalties within only 12 days.

For all these reasons, Clewis's motion to appoint a substitute custodian (Dkt. 2) is denied. The marshal shall serve as custodian of the vessel while it is under arrest.

SIGNED this 17th day of September 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE